UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Portia McCollum, *Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated*, | Case No. 24-cv-2643 (JMB/DJF) |
| Plaintiff, | |
| v. | |
| Andrew P. Witty, et al., | |
| Defendants, | |
| And | |
| UnitedHealth Group Incorporated, | |
| Nominal Defendant. | |
| Gerald Joseph Lovoi, *Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated*, | Case No. 24-cv-3236 (JMB/DJF) |
| Plaintiff, | |
| v. | |
| Andrew P. Witty, et al., | |
| Defendants, | |
| And | |
| UnitedHealth Group Incorporated, | |
| Nominal Defendant. | |

1

| | |
|---|---|
| Sean Collins, *Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated*, | Case No. 24-cv-3484 (JMB/DJF) |
| Plaintiff, | |
| v. | |
| Andrew P. Witty, et al., | |
| Defendants, | |
| And | |
| UnitedHealth Group Incorporated, | |
| Nominal Defendant. | |

| | |
|---|---|
| Merry Kogut, *Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated*, | Case No. 25-cv-2562 (JMB/DJF) |
| Plaintiff, | |
| v. | |
| Stephen Hemsley, et al., | |
| Defendants, | |
| And | |
| UnitedHealth Group Incorporated, | |
| Nominal Defendant. | |

| | |
|---|---|
| Joseph Crognale, *Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated*, | Case No. 25-cv-2740 (JMB/DJF) |
| Plaintiff, | |
| v. | |
| Stephen J. Hemsley, et al., | |
| Defendants, | |
| And | |
| UnitedHealth Group Incorporated, | |
| Nominal Defendant. | |
| Steve Silverman, *Derivatively on Behalf of Nominal Defendant UnitedHealth Group Incorporated*, | Case No. 25-cv-2762 (JMB/DJF) |
| Plaintiff, | |
| v. | |
| Stephen J. Hemsley, et al., | |
| Defendants, | |
| And | |
| UnitedHealth Group Incorporated, | |
| Nominal Defendant. | |

**AMENDED ORDER OF CONSOLIDATION**

The Court previously entered an Order of Consolidation pursuant to Federal Rule of Civil Procedure 42(a) for all the above-captioned cases except the last three ("Consolidated Derivative Action"). (*See* ECF No. 16.) Each of the cases in the Consolidated Derivative Action is a

3

stockholder derivative suit involving similar allegations of misconduct by UHG's current and former directors and officers.  (*See* ECF No. 14 at 3.)  After the Court filed the Order of Consolidation, Plaintiffs Merry Kogut, Joseph Crognale, and Steve Silverman filed complaints ("New Derivative Actions") raising issues of fact and law similar to those raised in the Consolidated Derivative Action.  (*See* ECF No. 21 at 3-4.)

This matter is now before the Court on the parties' *Omnibus Stipulation to Consolidate Derivative Actions* ("Stipulation") (ECF No. 21).  The parties stipulate to consolidating the New Derivative Actions with the Consolidated Derivative Action to conserve judicial resources.  (*Id.* at 4.)  In light of the parties' stipulation, and having reviewed the docket, the Court concludes that consolidating the New Derivative Actions with the Consolidated Derivative Action will facilitate a more efficient discovery process, promote more orderly case management, and avoid unnecessary cost or delay.  The Court further concludes that consolidation will not lead to inefficiency, inconvenience, or unfair prejudice to any party.  Therefore, the Court amends its previous Order of Consolidation (ECF No. 16) to add *Kogut v. Hemsley, et al.*, No. 25-cv-2562 (JMB/DJF), *Crognale v. Hemsley, et al.*, No. 25-cv-2740 (JMB/DJF), and *Silverman v. Hemsley, et al.*, No. 25-cv-2762 (JMB/DJF) under the terms set forth in that Order.[1]

The parties also stipulate to designating the complaint filed in *Kogut v. Hemsley, et al.*, No. 25-cv-2562 (JMB/DJF) as the operative complaint in the Consolidated Derivative Action.  (ECF No. 21 at 5.)  The Court disapproves that part of the parties' stipulation for two reasons.  First, designating a pleading filed in any case other than the Lead Case as "operative" creates a high

---

[1] Paragraph 5 of the Consolidation Order contains a typographical error, which incorrectly identifies the Lead Case number as 0:23-cv-002643-DTS.  To correct that error and further account for a change to the judicial assignment, this Order clarifies that the files of the Consolidated Derivative Action shall be maintained on file under Lead Case No. 24-cv-2643 (JMB/DJF).

likelihood of confusion. The potential for such confusion is exacerbated by the fact that the Plaintiff in *Kogut* filed both a Complaint and an Amended Complaint, and the parties' stipulation fails to specify which document they intend to designate. The Court directs Plaintiffs to file a consolidated complaint in the Lead Case, *McCollum v. Witty, et al.*, 24-cv-2643 (JMB/DJF), which shall serve as the operative pleading in the consolidated cases.

Second, the Plaintiff in *Kogut v. Hemsley* filed her Complaint under seal with a Motion Regarding Continued Sealing and also filed her Amended Complaint under seal. *See* 25-cv-02562-JMB-DJF (ECF Nos. 1, 3 and 9). Given the significance of pleadings and the importance of public access to court records, the Court strongly disfavors the filing of pleadings under seal. The Court notes that none of the other complaints filed in the consolidated cases have been filed under seal, suggesting that it is feasible to litigate these matters under publicly-filed complaints.[2]

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the parties' *Omnibus Stipulation to Consolidate Derivative Actions* (ECF No. 21) is **APPROVED IN PART** as follows:

1. The Order of Consolidation (ECF No. 16) is amended to add the following cases to the Consolidated Derivative Action: *Kogut v. Hemsley, et al.*, No. 25-cv-2562 (JMB/DJF); *Crognale v. Hemsley, et al.*, No. 25-cv-2740 (JMB/DJF); and *Silverman v. Hemsley, et al.*, No. 25-cv-2762 (JMB/DJF).

---

[2] To the extent that Plaintiffs seek permission to file any portion of their new, consolidated complaint under seal, they must establish a compelling reason for doing so and abide by Local Rule 5.6(e). In particular, in any subsequent motion for continued sealing, they must state "the factual *and legal* bases for the claim that the documents should remain sealed." LR 5.6 advisory committee note to 2024 amendment (emphasis added). Also, Plaintiffs "should attempt to meet and confer with opposing counsel about that motion unless it is not practicable to do so." *Id.*

2. Paragraph 5 of the Order of Consolidation (ECF No. 16) is further amended to state that the files of the Consolidated Derivative Action shall be maintained on file under Lead Case No. 24-cv-2643 (JMB/DJF).

3. Defendants are relieved of any obligation to answer, move, or otherwise file separate responses in the New Derivative Actions.

4. Plaintiffs shall file a new operative Consolidated Complaint for the Consolidated Derivative Action in the lead case, *McCollum v. Witty*, 24-cv-2643 (JMB/DJF), on or before **November 10, 2025**.

5. Defendants shall answer or otherwise respond to the Consolidated Complaint by **December 1, 2025**.

Date:  October 21, 2025          *s/ Dulce J. Foster*
                                 Dulce J. Foster
                                 United States Magistrate Judge