UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PORTIA MCCOLLUM, Derivatively on Behalf of Nominal Defendant UNITEDHEALTH GROUP INCORPORATED,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREW P. WITTY, STEPHEN HEMSLEY, CHARLIE BAKER, TIMOTHY P. FLYNN, PAUL R. GARCIA, KRISTEN L. GILL, MICHELE J. HOOPER, F. WILLIAM MCNABB, III, VALERIE MONTGOMERY RICE, JOHN H. NOSEWORTHY, and BRIAN THOMPSON,<br><br>    Defendants,<br><br>  -and-<br><br>UNITEDHEALTH GROUP INCORPORATED,<br><br>    Nominal Defendant. | No. 0:24-cv-02643-JMB-DJF |

## RESPONSE TO EMPLOYESS' RETIREMENT SYSTEM OF RHODE ISLAND'S LÄNSFÖRSÄKRINGAR FONDFÖRVALTNING AB'S AND MOTIONS TO INTERVENE AND STAY

Defendants in the above-captioned action do not oppose the Motions to Intervene and Stay filed by the Employees' Retirement System of Rhode Island (ECF No. 26) and Länsförsäkringar Fondförvaltning AB (ECF No. 37) (together, the "Intervenors"),

respectively.[1] Defendants fully agree with Intervenors that any action they file should be consolidated with the above-captioned consolidated derivative action and that leadership should be appointed, although Defendants take no position on whom among plaintiffs the Court should appoint.

Defendants also agree that the consolidated derivative action should be stayed. The Intervenors seek a stay pending the completion of their investigations. Defendants respectfully submit that the stay should instead extend either until (i) the Intervenors' investigation is complete, or (ii) a ruling is made on the motion to dismiss pending in the related securities class action, whichever is later. Courts routinely stay derivative actions that overlap with pending securities class actions because (i) requiring a company to defend both lawsuits at the same time creates a risk of prejudice to the extent the company is forced to take conflicting positions, and (ii) judicial resources can be conserved by avoiding the potential for inconsistent rulings and because resolution of the securities class action may narrow or resolve issues in the derivative action. *See Brenner v. Albrecht*, 2012 WL 252286, at *5-6 (Del. Ch. Jan. 27, 2012) (staying derivative claims pending resolution of related securities class action because prosecution of derivative claims would involve taking steps to refute merits of company's defense of securities class action); *see also Blackburn v. Roman et al.*, No. 21-cv-370 (D. Minn.) (Dkt. 21, ¶ 8) (April 14, 2021 order in which Judge Brasel ordered that individual officers and directors of 3M were "not

---

[1] For the avoidance of doubt, however, Defendant UnitedHealth Group, Incorporated respectfully disagrees with the Intervenors' assertion that its productions in response to the Intervenors' books and records demands are in any way deficient.

required to respond to the complaints filed in the above-captioned [derivative] actions" pending resolution of an overlapping federal securities class action).[2] Indeed, for that reason, the initial Order of Consolidation (ECF No. 16) stayed the consolidated derivative action pending the resolution of the motion to dismiss. The parties intended to preserve that stay with the filing of their Omnibus Stipulation to Consolidate Derivative Actions (ECF No. 21). When the Court's Amended Order of Consolidation (ECF No. 24) included a requirement that Defendants answer an amended consolidated complaint, the parties filed a joint letter seeking to further amend the order to reimpose the stay (ECF No. 25). Therefore, Defendants respectfully request that if the Court grants Intervenors' motion(s), it impose the stay until the later of (i) the completion of Intervenors' investigation(s), or (ii) a ruling is made on the motion to dismiss pending in the related securities class action.

---

[2] *See also Silva v. Sayer*, 2024 WL 5145970, at *4 (C.D. Cal. Dec. 16, 2024) (same); *In re Hawaiian Electric Indus., Inc., Stockholder Deriv. Litig.*, 2024 WL 3594783, at *9 (D. Haw. July 30, 2024) (same); *Janklow v. Alutto*, 2018 WL 6499869, at *2 (D. Del. Dec. 11, 2018); *Inloes v. Williams*, 2014 WL 819135, at *2-3 (E.D. Va. Feb. 28, 2014) (same); *In re Groupon Deriv. Litig.*, 882 F. Supp. 2d 1043, 1053 (N.D. Ill. 2012).

Respectfully submitted,

November 7, 2025 /s/ Timothy J. Perla

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Michael G. Bongiorno
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
E-mail: michael.bongiorno@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Timothy J. Perla
Sonia Sujanani
Dan Willey
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
E-mail: timothy.perla@wilmerhale.com
sonia.sujanani@wilmerhale.com
dan.willey@wilmerhale.com

**FAEGRE DRINKER BIDDLE & REATH LLP**

Peter C. Magnuson
Matthew Kilby
Jeffrey P. Justman
Anderson C. Tuggle
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
E-mail: peter.magnuson@faegredrinker.com
matthew.kilby@faegredrinker.com
jeff.justman@faegredrinker.com

anderson.tuggle@faegredrinker.com

*Counsel for Defendants Stephen J. Hemsley, Michele J. Hooper, Timothy P. Flynn, Valerie C. Montgomery Rice, F. William McNabb III, John H. Noseworthy, Paul R. Garcia, Kristen L. Gil, Charles D. Baker, Richard T. Burke, Andrew P. Witty, William C. Ballard, Jr., Glenn M. Renwick, and David S. Wichmann, and nominal defendant UnitedHealth Group Incorporated*