**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PORTIA MCCOLLUM, Derivatively on Behalf of Nominal Defendant UNITEDHEALTH GROUP INCORPORATED,

Plaintiff,

v.

ANDREW P. WITTY, STEPHEN HEMSLEY, CHARLIE BAKER, TIMOTHY P. FLYNN, PAUL R. GARCIA, KRISTEN L. GIL, MICHELE J. HOOPER F. WILLIAM MCNABB, III, VALERIE MONTGOMERY RICE, JOHN H. NOSEWORTHY, and BRIAN THOMPSON,

Defendants.

and

UNITED HEALTH GROUP INCORPORATED,

Nominal Defendant.

Case No. 24-CV-2643 (JMB/JFD)

**ORDER**

---

This matter is before the Court on Plaintiffs Employees' Retirement System of the State of Rhode Island ("ERSRI") and Länsförsäkringar Fondförvaltning AB's ("LF," and together with ERSRI, "Plaintiffs"), Unopposed Motion for Continued Sealing of the Verified Amended Shareholder Derivative Complaint (Dkt. No. 72), Proposed Intervenor California Public Employees' Retirement System's ("CalPERS" or the "Proposed

Intervenor") Memorandum in Opposition (Dkt. No. 101), CalPERS's Motion to Intervene for the Limited Purpose of Unsealing a Redacted Complaint (Dkt. No. 82), and Defendants' Opposition in Response to CalPERS's Motion to Intervene (Dkt. No. 92).[1] On October 1, 2026, the Court held a hearing on the Motions (Dkt. Nos. 72, 82). David Wales, Court Anderson, and Julie Reiser appeared for the Plaintiffs, Timothy Perla, Amanda Clarke, and Jeffrey Justman appeared for the Defendants, and Sam Sheldon, Robert Henssler, and Timothy Sullivan appeared for the Proposed Intervenor. At the hearing, the Motions were taken under advisement. This written Order rules on the Motions.

For the reasons that follow, the Court grants Plaintiffs' Motion for Continued Sealing of the Complaint (Dkt. No. 72) and grants in part and denies in part CalPERS's Motion to Intervene (Dkt. No. 82).

## I. Background

Proposed Intervenor CalPERS was appointed lead plaintiff in the related case, *California Public Employees' Retirement System v. UnitedHealth Group Inc., et. al.*, No. 24-CV-1743 (JMB/JFD) (D. Minn.) (the "Securities Class Action"). (Dkt. No. 84 at 7.) In the Securities Class Action, CalPERS alleges that "between late 2021 and July 2025, UnitedHealth orchestrated one of the largest healthcare fraud schemes in American history—a systematic assault on Medicare that generated tens of billions of dollars in fraudulent profits while deceiving investors about the true sources of the Company's

---

[1] To simplify, there are two issues before the Court: (1) whether CalPERS should be allowed to intervene in this matter pursuant to Federal Rule of Civil Procedure 24(b)(1)(B); and (2) whether the Court should unseal the Verified Amended Shareholder Derivative Complaint (the "Complaint") (Dkt. No. 70).

success." (*Id.*) Plaintiffs in this matter allege that the Defendants "engaged in an upcoding scheme to charge [Centers for Medicare and Medicaid Services ("CMS")] for diagnoses that no doctor treated." (*Id.* citing Dkt. No. 71 ¶¶46-147.)

The Complaint in this case relies on references to documents received pursuant to a books and records demand under 8 Del. C. § 220 (the "220 Materials"), which are redacted on the public docket (Dkt. No. 71) and unredacted in the sealed Complaint (Dkt. No. 70). The Defendants and Plaintiffs contend that the Complaint should remain sealed. (Dkt. No. 72.) CalPERS opposes the continued sealing of the Complaint. (Dkt. No. 101.)

## II. Intervention

Proposed Intervenor CalPERS requests permission from the Court to intervene in this case for the limited purpose of moving to unseal the redacted Complaint (Dkt. No. 71) pursuant to Rule 24(b)(1)(B). (Dkt. No. 82.) Defendants argue that CalPERS's motion to intervene is an "attempt to circumvent the [Private Securities Litigation Reform Act (the "PSLRA")] discovery stay, as well as the Section 220 safeguards that apply when stockholders receive sensitive corporate records." (Dkt. No. 92 at 5.)

Rule 24(b) provides that a motion to intervene may be granted by the court where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 25(b)(1)(B). "A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor." *Nat'l Parks Conservation Ass'n v. United States E.P.A.*, 759 F.3d 969, 973 (8th Cir. 2014) (citing *Am. C.L. Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1092 (8th Cir. 2011); *United States v. Metro. St. Louis*

*Sewer Dist.,* 569 F.3d 829, 834 (8th Cir.2009)).

"The decision to grant or deny a motion for permissive intervention is wholly discretionary." *S.D. ex. rel. Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). When evaluating a Rule 24(b) motion, courts must consider "(1) whether the motion to intervene is timely; (2) whether the movant's claim shares a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights." *Franconia Mins. (US) LLC v. United States*, 319 F.R.D. 261, 266 (D. Minn. 2017).

It is undisputed that CalPERS's Motion is timely, so the Court will move on to the second factor of whether the movant's claim shares a common question of law or fact with the main action. Here, the Plaintiffs' Complaint (Dkt. No. 71) and the averments in the Securities Class Action both allege that Defendants engaged in a fraudulent healthcare upcoding scheme. (*See* Dkt. No. 84 at 11.) The Defendants do not dispute this factor. Therefore, the Court concludes that CalPERS has demonstrated a shared question of law or fact.

Finally, the Court must decide whether CalPERS's intervention will unduly delay or prejudice adjudication of the original parties' rights. CalPERS argues that its limited intervention does not pose any prejudice to either party and will not cause delay because it "does not anticipate any further participation in this action after the unredacted Shareholder Derivative Complaint is filed publicly." (Dkt. No. 84 at 12.) Defendants argue that if CalPERS's Motion were granted, the prejudice to Defendants would be "substantial." (Dkt. No. 92 at 12.) However, Defendants made no response to the claim of undue delay in the

*current* matter and instead argue that CalPERS's intervention in this case, if the Complaint were unsealed, would cause delay in the Securities Class Action. (Dkt. No. 93 at 13.) In other words, the Defendants overlook this third intervention factor and skip straight to arguing the merits of whether the Complaint should remain sealed or not.

In doing so, Defendants assert that CalPERS's motion to intervene is "a clear effort to end-run the PSLRA discovery stay in the securities class action to gain indirect access to the 220 Production." (*Id.* at 9.) Defendants further contend that allowing intervention for the purpose of unsealing "sensitive information from confidential Section 220 materials would undermine United Health's reasonable expectation—pursuant to 8 Del. C. §220(b)(3)—that Section 220 materials will remain confidential and not be used in a complaint in a cherry-picked manner." (*Id.* at 12(citing *Cox v. Sherman Cap. LLC*, 2016 WL 7971711, at *3 (S.D. Ind. May 24, 2026)).[2] Finally, Defendants argue that they would be prejudiced by intervention in this case due to undue delay and expense to litigation in the Securities Class Action. (Dkt. No. 92 at 13.)

"The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties'

[2] 8 Del. C. § 220(b)(3) provides: "The corporation may impose reasonable restrictions on the confidentiality, use, or distribution of books and records and may require, as a condition to producing books and records to a stockholder under any demand under this subsection, that the stockholder agree that any information included in the corporation's books and records is deemed incorporated by reference in any complaint filed by or at the direction of the stockholder in relation to the subject matter referenced in the demand. The corporation may redact portions of any books and records produced to such stockholder under this subsection to the extent the portions so redacted are not specifically related to the stockholder's purpose."

rights." *S.D. ex. rel. Barnett*, 317 F.3d at 787. CalPERS's intervention would not cause undue delay in this matter due to the limited scope of requested intervention. The prospective delay or prejudice in the Securities Class Action has no bearing on whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights in *this* case. In addition, the Court is not persuaded that Defendants would be prejudiced by CalPERS's intervention, especially because the PSLRA stay has been lifted in the Securities Class Action, and CalPERS will enter discovery without any delay in the current case.[3] Accordingly, the requirements for permissive intervention pursuant to Rule 24(b)(2) are met. Therefore, the Court grants in part CalPERS's Motion (Dkt. No. 82) and allows CalPERS to intervene in this case. However, the Court denies CalPERS' request to unseal the Complaint.

## III. Unsealing the Redacted Complaint

Next, the Court considers Plaintiffs' Motion for the continued sealing of the Complaint. (Dkt. No. 72.) The Motion was unopposed when it was filed, as the Defendants also support the continued sealing of the Complaint. However, Intervenor CalPERS—who only intervened for the limited purpose of moving to unseal the complaint—now moves to unseal the Complaint (Dkt. No. 70) because the public interest in the Complaint "greatly outweighs the parties' interests in maintaining confidentiality." (Dkt. No. 101 at 3.) Specifically, CalPERS contends that the parties in this action have not met their burden to

[3] On September 30, 2026, the Honorable Jeffrey M. Bryan granted in part and denied in part Defendants UnitedHealth Group Inc.'s, Andrew Witty's, and Stephen Hemsley's Motion to Dismiss (No. 24-CV-1743, Dkt. No. 171). (*See* No. 24-CV-1743, Dkt. No. 206.) Therefore, the PSLRA stay has been lifted in the Securities Class Action.

justify continued sealing of the Complaint. (*Id.* at 4.)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." D. Minn. L. R. 5.6(a)(1). There is a common-law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 597. "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings … and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

The Supreme Court has held that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. The right of access is not absolute, and "requires a weighing of competing interests." *Feinwachs v. Minn. Hospital Ass'n*, No. 11-CV-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

This District has held that "all documents filed in federal court are judicial records and are subject to the presumption of public access." *Marden's Ark, Inc. v. UnitedHealth*

*Group, Inc.*, 534 F.Supp.3d 1038, 1045 (D. Minn. 2021). The Eighth Circuit has held that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Thus, when a document "play[s] only a negligible role in the performance of Article III duties," like a complaint that has not been adjudicated, the public's interest in access to the document is weak and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050); *see also Fairview Health Servs. v. B. Braun Med., Inc.*, No. 25-CV-3884 (ECT/ECW), 2026 WL 2620865, at 2 (D. Minn. Sept. 4, 2026) (quoting *IDT Corp.*, 709 F.3d at 1224).

Plaintiffs, pursuant to Local Rule 5.6, seek the continued sealing of the Complaint (Dkt. No. 70) because the Complaint refers to materials that Defendant UnitedHealth Group has designated as confidential, proprietary, and commercially sensitive, which are subject to a Confidentiality Agreement between the parties. (Dkt. No. 73 at 2); D. Minn. L. R. 5.6(c)(2). [4] In Plaintiffs' Motion for Continued Sealing, "Plaintiffs do not take the position …that the redacted information is in fact confidential." (Dkt. No. 73 at 3.) However, at the October 1, 2026 hearing, counsel for the Plaintiffs clarified that he is "not in a position to make that independent determination," but that the Defendants "have

[4] The Court finds that Plaintiffs' Motion is compliant with Local Rule 5.6(e)(3). D. Minn. L. R. 5.6(e)(3).

represented to [Plaintiffs] that they are" confidential. (Oct. 1, 2026 Motion Hearing Transcript ("Tr."), Dkt. No. 107 at 20-21.) At the hearing, counsel for Defendants supplemented Plaintiffs' clarification that the redacted materials contain confidential business information regarding "financial analyses," "deliberations of the board about their legislative agenda," "regulatory strategy, and "pending litigation strategy." (Tr. at 21-25.)

Intervenor CalPERS argues that the Confidentiality Agreement between Plaintiffs and Defendants should not warrant the continued sealing of the Complaint. (Dkt. No. 101 at 3.) CalPERS relies on *Seamon v. Midwest Bonding, LLC*, asserting that "[t]he fact that a document has been designated as confidential by the parties alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d)." No. 24-CV-82 (NEB/ECW), 2025 WL 847829, at *1 (D. Minn. Mar. 18, 2025).[5] However, the Plaintiffs and Defendants are not relying on the Confidentiality Agreement *alone* in their request for continued sealing. Instead, they contend that the sealed material contains non-public, confidential, proprietary, and commercially sensitive information. (*See* Dkt. No. 73 at 2.)

Many Courts in this District have recognized that it is appropriate to keep confidential documents under seal. *See e.g., Deflorio v. Target Corp.*, No. 23-CV-2668 (KMM/DJF), 2026 WL 1862223, at *2 (D. Minn. June 29, 2026) (granting motion for

---

[5] CalPERS makes an additional argument that the PSLRA discovery stay in the Securities Class Action does not apply here. (Dkt. No. 101 at 4-6.) However, because the PSLRA stay has been lifted, that issue has become moot since the filing of CalPERS's opposition to the motion for continued sealing. Thus, the Court need not and does not consider this argument.

continued sealing when documents contained "confidential business information, private individually identifiable contract information, or sensitive medical information"); *Mayo Found. For Medical Educ. And Research v. Knowledge to Practice, Inc.*, No. 21-CV-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents contained "proprietary information not publicly available that is competitively sensitive and central to [parties'] business"); *Tile Shop Holdings, Inc. v. Allied World Nat'l Assurance Co.*, No. 17-CV-776 (ADM/TNL), 2019 WL 2136146, at *1 (D. Minn. May 16, 2019) (granting motion for continued sealing of documents that "Plaintiff claims contain proprietary information").

The Court finds that the parties have a legitimate interest in maintaining confidentiality that outweighs any public interest in the right of access to the redacted portions of the Complaint. Accordingly, the Court grants the Motion for continued sealing of the Complaint (Dkt. No. 72).

## ORDER

Based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. CalPERS's Motion to Intervene for the Limited Purpose of Unsealing a Redacted Complaint (Dkt. No. 82) is **GRANTED in part and DENIED in part**;

2. The Plaintiffs' Motion for Continued Sealing of the Complaint (Dkt. No. 72) is **GRANTED**; and

3. The Clerk of Court is directed to keep the Verified Amended Shareholder Derivative Complaint (ECF 70) under seal.

Date: November 16, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge